UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS MOORE, | Case No. 1:08CV2029 |
| Petitioner, | JUDGE PATRICIA A. GAUGHAN |
| v. | Magistrate Judge George J. Limbert |
| JULIUS WILSON, Warden, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Respondent. | |

On August 17, 2008, Thomas Moore ("Petitioner"), *pro se*, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief from a judgment of conviction entered by the Cuyahoga County, Ohio Court of Common Pleas for one count of trafficking in drugs, in violation of Ohio Revised Code ("O.R.C.") § 2925.03.  *Id*; *see also* ECF Dkt. #6, Ex. 3.  The case was referred to the undersigned to issue a report and recommendation. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

I.     **PROCEDURAL BACKGROUND**

    **A.     State Trial Court**

On February 27, 2003, the prosecuting attorney for Cuyahoga County, Ohio filed an indictment charging Petitioner with: (Count 1) selling a controlled substance, MDMA in an amount equal to or exceeding one hundred times the bulk amount, in violation of O.R.C. § 2925.03, with a major drug offender specification pursuant to O.R.C. § 2941.1410; (Count 2) possession of drugs, MDMA in an amount exceeding fifty times the bulk amount but not exceeding one hundred times the bulk amount, in violation of O.R.C. § 2925.11; (Count 3) drug trafficking of MDMA in an amount exceeding fifty times the bulk amount but not exceeding one hundred times the bulk amount,

in violation of O.R.C. § 2925.03; (Count 4) possession of criminal tools – a cell phone, money, a 1992 Honda automobile, a screwdriver, and/or a baggie, in violation of O.R.C. § 2923.24; and (Count 5) tampering with evidence in violation of O.R.C. § 2921.12. ECF Dkt. #7, Ex. 1.

On December 12, 2003, Petitioner appeared in court with counsel and entered a plea of guilty to Count 3 of the indictment. ECF Dkt. #7, Ex. 3. The remaining counts were nolled. *Id*. The trial court sentenced petitioner to a term of 8 years of imprisonment and 5 years of post release control. *Id*.

### B. Petition to Vacate or Set Aside Sentence

On September 12, 2005, Petitioner, pro se, filed a petition in the trial court seeking to vacate or set aside his sentence. ECF Dkt. #7, Ex. 7. Petitioner raised the following claims:

> 1. THE TRIAL COURT'S IMPOSITION OF A SENTENCE GREATER THAN THE STATUTORY MINIMUM IS CONTRARY TO LAW AND DEPRIVED THE PETITIONER OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO A TRIAL WHERE THE FACTS USED WERE NEITHER ADMITTED NOR FOUND BY A JURY
>
> <u>Issue Presented for Review</u>
>
> A Trial Court Cannot Impose a Sentence Of Imprisonment Where a Jury Has Not Found By Proof Beyond a Reasonable Doubt All Of the Necessary Facts And The Defendant Has Not Admitted Those Facts
>
> 2. THE ACTS AND OMISSIONS OF COUNSEL DEPRIVED PETITIONER OF THE EFFECTIVE ASSISTANCE OF COUNSEL:
>
> <u>Issue Presented for Review</u>
>
> Defense Counsel fails to Provide The Constitutionally guaranteed right to counsel when he failed to raise during the sentencing hearing the Apprendi violation.

ECF Dkt. #7, Ex. 5 at 4-9. The state filed a motion to dismiss the petition. ECF Dkt. #7, Ex. 6. On December 27, 2005, the trial court denied the petition. ECF Dkt. #7, Ex. 7.

### C. Motion to Withdraw Guilty Plea

On June 1, 2007, Petitioner filed motion with the common pleas court to withdraw his guilty plea. ECF Dkt. #7, Ex. 8. Petitioner contended that his guilty plea was not knowingly, intelligently, and voluntarily given, due to ineffective assistance of trial counsel and the failure of the trial court to advise him of the right to appeal his sentence. *Id*. Specifically, Petitioner contended that:

> **Assignment of Error No. 1**  THE ACTS AND OMISSIONS OF COUNSEL DEPRIVED THOMAS MOORE OF THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> **Issue Presented for Review**
> Defense counsel fails to provide the Constitutionally guaranteed right to counsel when his performance is deficient and the Defendant is prejudiced by that performance.
>
> **Assignment of Error No. 2**  A STATUTE DECLARED UNCONSTITUTIONAL IS VOID FROM THE DATE OF ITS ENACTMENT. THEREFORE, THE PLEA AGREEMENT TO A SENTENCE ABOVE THE MINIMUM MUST BE VACATED.
>
> **Assignment of Error No. 3**  BOTH THE TRIAL JUDGE AND DEFENSE COUNSEL VIOLATED THE PLEA AGREEMENT CONTRACT WHEN THEY FAILED TO ADVISE ON THE LEGAL ESTABLISHED RIGHT TO APPEAL THE SENTENCE.

ECF Dkt. #7, Ex. 8. On September 19, 2007, the trial court denied the motion. ECF Dkt. #7, Ex. 10.

### D    Motion for Delayed Appeal

On August 6, 2007, Petitioner filed a motion for leave to file a delayed appeal in the Eight District Court of Appeals of Ohio. ECF Dkt. #7, Ex. 11. Defendant sought leave to raise the following assignments of error:

> I. Whether defendant was deprived of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process of law where the trial court failed to ensure that defendant's appellate rights were protected. *See: State v. Kelley; State v. Sim; State v. Grover; and, Wolfe v. Randle, supra.*
>
> II. Whether defendant/appellant's sentence is contrary to law and violative of the Sixth Amendment's notice and jury trial guarantees where such sentence was/is wholly predicate on an *unconstitutional* sentencing scheme as defined in: *State v. Foster*, 109 Ohio St. 3d 1; and, *Blakely v. Washington* (2004), 542 U.S. 296 124 S.Ct. 2531, 159 L.Ed.2d 403.
>
> III. Whether defendant/appellant's guilty plea was less than knowingly, intelligently and voluntarily made, where trial counsel failed to discuss the facts of the case with defendant, failed to interview potential witnesses, failed to discuss trial strategies with defendant, failed to follow-up on potentially exculpatory evidence, failed to present any mitigation at the sentencing hearing, and told defendant that regardless of his innocence, if he insisted on going to trial, he would be found guilty and sentenced to the maximum sentence authorized by law. *see: State v. Blatnik*, ___ Ohio App.3d ___ (citation omitted); *Strickland v. Washington*, 466 U.S. 668; and, Ohio Crim R.

        32.1.

IV. Whether defendant's sentence is contrary to law where the trial court failed to imposed [sic] an [sic] mandatory prison time ('or mandatory fines') however, the Ohio Department of Rehabilitation and Correction has unconstitutionally amended defendant's sentence to be 'mandatory time.' *see: State ex rel. Dailey v. Morgan*, 761 N.E.2d 140, 115 Ohio Misc.2d 44; and *Wightman v. Consol. Rail Corp.* (1999), 86 Ohio St. 3d 431, 433, 715 N.E. 2d 546, 556. *see also*: The Separation of Powers Doctrine; and, U.S.C.A. Const. Amends. 8 and 14.

V. Whether the trial court's failure to impose a constitutionally sound sentence constitutes a prima facie due process violation under: *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 744, thereby reducing the resulting sentence to a mere nullity and void. *see*: *State v. Brown*, 152 Ohio App. 3d 8, 2003-Ohio-1218, 786 N.E. 2d 492; and , U.S.C.A. Const. Amend. 6. ['Crim. R. 32'].

VI. Other errors appear in the record which constitute 'plain error affecting substantial rights' cognizable under Ohio Criminal Rule 52(B) and though not specifically raised herein, are hereby preserved by reference. *see*: U.S.C.A. Const. Amend. 6 and 14.

*Id.* Along with his motion for leave to file a delayed appeal, Petitioner filed a notice of appeal. ECF Dkt. #7, Ex. 12. On August 7, 2007, the Eighth District Court of Appeals for Ohio denied Petitioner's motion for leave to file a delayed appeal and dismissed his appeal sua sponte. ECF Dkt. #7, Ex. 13, 14.

On September 12, 2007, Petitioner field a notice indicating that he was appealing the Ohio Court of Appeals' rulings to the Supreme Court of Ohio. ECF Dkt. #7, Ex. 15. Petitioner raised the following propositions of law in his memorandum in support of jurisdiction:

> 1. IT IS A DENIAL OF DUE PROCESS AND FUNDAMENTAL FAIRNESS FOR AN APPELLATE COURT TO DENY A PROPERLY FILED AND *CLEAR[LY] PLED MOTION FOR LEAVE TO FILE A DELAYED APPEAL WHERE THE RECORD ON ITS FACE SHOWS THAT THE DENYING OF THE MOTION WILL RESULT IN A MISCARRIAGE OF JUSTICE.
>
> 2. WHERE A TRIAL COURT FAILS TO ADVISE AND INDIGENT CRIMIN[AL] DEFENDANT OF HIS APPELLATE RIGHTS, IT IS A DENIAL OF *BOTH DUE PROCESS OF LAW AND THE RIGHT TO COUNSEL ON APPEAL.
>
> 3. WHERE A CRIMINAL DEFENDANT'S SENTENCE IS PREDICATED ON *AN UNCONSTITUTIONAL SENTENCING SCHEME SUCH SENTENCE IS A NULLITY AND VOID AS A MATTER OF LAW AND OFFENDS MULTIPLE AMENDMENTS OF THE UNITED STATES CONSTITUTION.
>
> 4. WHETHER DEFENDANT/APPELLANT'S GUILTY PLEA WAS LESS THAN KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE *WHERE IT WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL ON A CLEAR CASE FOR MANIFEST MISCARRIAGE OF JUSTICE.

> 5. OTHER ERRORS APPEAR IN THE RECORD WHICH CONSTITUTE PLAIN ERROR AFFECTING SUBSTANTIAL RIGHTS.

ECF Dkt. #7, Ex. 16.  On December 26, 2007, The Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.  ECF Dkt. #7, Ex. 18.

### E.    Federal Habeas Corpus Petition

On August 17, 2008, Petitioner filed the instant petition seeking relief from his state court conviction.  ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner presents the following grounds for relief:

**GROUND ONE:**

> [C]ONVICTION OBTAINED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FEDERAL CONSTITUTION'S FOURTEENTH AMENDMENT AND THE FUNDAMENTAL FAIRNESS GUARANTEE OF THE FEDERAL CONSTITUTIONS' SIXTH AMENDMENT. *See: State v. McGahan* (1949), 86 Ohio App. 283, 88 N.E. 2d 613; *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003); and, *Strickland v. Washington*, 466 U.S. 668 ('as contemplated in and under: *State v. Grover* (1995), 71 Ohio St. 3d 577.

**GROUND TWO:**

> [C]ONVICTION OBTAINED IN VIOLATION OF DUE PROCESS CLAUSE OF FEDERAL CONSTITUTION'S FOURTEENTH AMENDMENT AS WAS DISCUSSED ABOVE.

**GROUND THREE:**

> [C]ONVICTION OBTAINED IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE 'TRUE CAUSE OF PETITIONER'S DETENTION' IS PREDICATED WHOLLY ON AN UNCONSTITUTIONAL SENTENCING SCHEME. *see State v. Foster*, 109 Ohio St.3d 1, citing: *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403; and, *United States v. Booker* (2005), 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 2d 621.

**GROUND FOUR:**

> [C]ONVICTION OBTAINED IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF CONFLICT-FREE REPRESENTATION. *See*: *Strickland v. Washington*, 466 U.S. 668; and, *McMann v. Richardson*, __U.S.___ (citation omitted).

**GROUND FIVE:**

> [C]ONVICTION OBTAINED IN VIOLATION OF THE FEDERAL CONSTITUTION'S SIXTH AND FOURTEENTH AMENDMENTS WHERE

> 'OTHER ERRORS APPEARING IN THE RECORD' WHICH CONSTITUTE 'PLAIN ERROR AFFECTING SUBSTANTIAL RIGHTS' DECLARES PETITIONER'S CONFINEMENT 'CONTRARY TO LAW'. *See*: *State v. Bezak*, 868 N.E. 2d 961 (Ohio 2007).

ECF Dkt. #1. On February 5, 2009, Respondent filed a return of writ. ECF Dkt. #6. Petitioner did not file a traverse.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. ECF Dkt. #6 at 6-10.

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); see 28 U.S.C. § 2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

### IV.   **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case.  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

- A. Decisions of lower federal courts may not be considered.

- B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

- C. The state court decision may be overturned only if:

    1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' (the Supreme Court precedent must exist at the time of petitioner's direct appeal) or;

    2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

    3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

    4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

- D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

- E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**V.  ANALYSIS**

The undersigned recommends that the Court dismiss the instant petition, in its entirety, as time-barred because Petitioner has not complied with the AEDPA filing limitations and he has failed to demonstrate that he is entitled to equitable tolling.

The undersigned first notes that Petitioner's conviction became final upon the conclusion of the time for seeking direct review of his conviction, which in this case was 30 days following his December 12, 2003 sentencing – or January 12, 2004. *See* ECF Dkt. #7, Ex. 4 (as to date of sentencing); Ohio. R. App. P. 4(A) (as to time for appeal). The undersigned notes that Respondent indicates that Petitioner was sentenced on December 3, 2003, but fails to point to any support from the record. ECF Dkt. #7 at 7. The transcript of the sentencing hearing indicates that the hearing

-10-

was held on December 9, 2003, and the journal entry pronouncing Petitioner's sentence was docketed on December 12, 2003. ECF Dkt. #7, Ex. 3, 4.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year from January 13, 2004 in which to file his federal habeas petition, or until January 11, 2005. Petitioner did not file any motions until his September 12, 2005 motion to vacate his sentence, well after the one year filing period had expired. ECF Dkt. #7, Ex. 7. Therefore, Petitioner's August, 17, 2008 petition is untimely, unless he can show: that he is entitled to a different starting date for his AEDPA statute of limitations; that he is entitled to equitable tolling; or that he is actually innocent.

As a momentary digression, however, the undersigned notes that this is the third consecutive case in which the Attorney General's Office has represented a pro se litigant's petition as being filed on the date on which it was docketed, rather than the date on which it was delivered to prison officials. Since the AEDPA statute of limitations is at issue in the instant case, the error is especially relevant. The undersigned reminds Respondent that a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities. *See Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988); *see also* ECF Dkt. #1 (petition executed 8/17/2008); ECF Dkt. #7 at 5 ("Moore is now before this honorable federal habeas corpus court, on a petition filed on August 21, 2008. . .").

Turning back to the timeliness of the instant petition, the undersigned recommends that the Court find that Petitioner is not entitled to a delayed starting date of the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(B)-(C) because Petitioner does not allege that a state created impediment prevented him from filing or that a newly recognized constitutional right was made retroactively applicable to cases on collateral review. *See* ECF Dkt. #1.

The more crucial question is whether 28 U.S.C. § 2244(d)(1)(D) entitles Petitioner to a delayed start date for the AEDPA statute of limitations. This question hinges upon whether his claim is based upon a newly discovered factual basis that could not have been discovered earlier through the exercise of due diligence. Petitioner contends that he was not aware of his right to appeal the sentence in his case due to the trial court's failure to inform him of that right. Petitioner

has not established when he became aware of that right or that he acted with diligence in pursing an appeal Nevertheless, the Sixth Circuit has reversed a district court for failing to determine when a reasonable person acting with due diligence would have learned of his right to appeal. *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2005).

In this case, however, Petitioner is not entitled to a delayed starting date of the AEDPA statute of limitation because he did not have a right to appeal his sentence, and 28 U.S.C. § 2244(d)(1)(D) therefore does not apply. Respondent contends that Petitioner had no right to appeal because he was a party to a plea agreement with an agreed sentence. ECF Dkt. #6 at 9. The undersigned agrees because O.R.C. § 2925.08(D)(1) provides that "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." O.R.C. § 2925.08(D)(1). At the change of plea hearing, the prosecutor indicated that the parties agreed to an agreed sentence of 8 years, and Petitioner himself acknowledged that agreement. ECF Dkt. #6, Ex. 4 at 5, 10. Petitioner now contends that he received a sentence beyond his agreed sentence because of a 5 year term of post release control; however, section 2967.28 of the Ohio Revised Code provides for such a penalty, and the trial judge specifically informed him of that possibility. ECF Dkt. #6, Ex. 4 at 14. Accordingly, Petitioner did not have a right to appeal his sentence, but even if he did, any cognizable basis for a habeas petition would have been reasonably ascertainable with the exercise of due diligence at the time of sentencing – the pertinent date under 28 U.S.C. § 2244 (d)(1)(D).

Of note, the *DiCenzi* found distinctions for AEDPA statute of limitations purposes between sentencing based claims and appeal based claims when the trial court failed to notify the petitioner of his appeal rights. *DiCenzi*, 452 F.3d 466-72. In this case, however, Petitioner had no right to appeal the sentence he received because he received an agreed sentence and he was informed of the statutory post-release control that could be imposed. Petitioner should not enjoy an indefinitely delayed starting date for AEDPA filing purposes, simply because he chose to file a delayed appeal.

*See Johnson v. United States*, 544 U.S. 295, 298 (2005).[1]

Having determined that the instant petition was filed beyond the AEDPA one year filing period, the Court must proceed to determine whether equitable tolling applies.

Although Petitioner did not file a traverse responding to Respondent's assertion of the AEDPA statute of limitation defense, Petitioner contends that the state trial court failed to inform him of his right to appeal. ECF Dkt. #1. Even if the Court were to give Petitioner the benefit of the doubt and infer that he is contending that the state trial court's error resulted in his delay in filing the instant petition, his argument should be rejected.

Petitioner has not set forth any reason for his delay that would entitle him to equitable tolling under the *Dunlap* standard. Specifically, the undersigned notes that Petitioner has not alleged or demonstrated a lack of notice of the federal filing requirement or a lack of constructive knowledge of the filing requirement. Therefore, neither of those prongs are satisfied. With respect to the third prong – the exercise of diligence in pursuing one's rights – Petitioner has not identified or detailed any efforts he undertook to pursue his federal habeas petition. In regard to the fourth prong of *Dunlap* – absence of prejudice to the respondent – if a later start date is applied, Respondent will be prejudiced by incurring the time and expense of defending an otherwise time-barred habeas action. Turning to the fifth *Dunlap* factor – the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim – the undersigned again notes that Petitioner does not contend that he was unaware of any filing requirement.

Since Petitioner has failed to satisfy his burden under *Dunlap*, the undersigned recommends that the Court decline to apply equitable tolling.

Lastly, the Court should consider actual innocence. The Sixth Circuit has held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v.*

---

[1] Even if Petitioner's claim of an improper denial of his delayed appeal were not time-barred, it would lack merit because "a mere error of state law is not a denial of due process." *Engle v. Isaac,* 456 U.S. 107, n. 21 (1982) (internal quotation omitted). Since Petitioner received a negotiated sentence that he is statutorily barred from appealing, he cannot establish that an error of state law related to his delayed appeal rose to the level of a due process violation.

*Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  The Southern District of Ohio has recently summarized the burden for establishing actual innocence:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway [the AEDPA statute of limitations] and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317.  **To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."** *Id*. at 327.  The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "**To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence**-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.  The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

*Medina v. Wolfe*, No. 2:06-CV-921, 2007 WL 2323381 at *9, slip op. (S.D. Ohio Aug. 9, 2007) (emphasis added).

Here, Petitioner makes a few perfunctory assertions of actual innocence, but presents no newly discovered reliable evidence to support his claim.  Therefore, he is not entitled to review under the actual innocence exception to the AEDPA filing limitation.

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice.

Date: April 17, 2009                        */s/George J. Limbert*
                                                             GEORGE J. LIMBERT
                                                             UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).