**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Thomas Moore,** | ) | **CASE NO. 1:08 CV 2029** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Julius Wilson, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Limbert (Doc. 7), which recommends dismissal of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**INTRODUCTION**

Petitioner, Thomas Moore, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after pleading guilty in the Cuyahoga County, Ohio Court of Common Pleas to an amended indictment, alleging drug trafficking of MDMA in an amount exceeding fifty times the bulk amount but not exceeding one

hundred times the bulk amount, in violation of Ohio Rev. Code § 2925.03. This matter has been fully briefed and the Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed as untimely. Petitioner has filed Objections to the Report and Recommendation.

**STANDARD OF REVIEW**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**DISCUSSION**

The Magistrate Judge concluded that the August 17, 2008 Petition herein is time-barred under the applicable statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). The Court accepts this determination.

The Petition sets forth five grounds: 1) The conviction was obtained in violation of the Due Process Clause of the Fourteenth Amendment and the fundamental fairness guarantee of the Sixth Amendment where Petitioner was sentenced to an agreed sentence of eight years, and Ohio's sentencing laws were subsequently rendered unconstitutional after the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004); 2) the conviction was obtained in violation of the Due Process Clause of the Fourteenth Amendment where Petitioner's appointed counsel did not advise him of the right to appeal the agreed sentence; 3) the conviction was obtained in violation of the Sixth and Fourteenth Amendments where the true cause of the Petitioner's detention is predicated on a wholly unconstitutional sentencing scheme; 4) the

conviction was obtained in violation of the Sixth Amendment right to effective assistance of counsel; and 5) the conviction was obtained in violation of the Sixth and Fourteenth Amendments where plain errors affecting Petitioner's substantial rights appear in the record.

> The AEDPA provides:
>
> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final on January 12, 2004, when the time for seeking a direct review of his conviction expired.  Petitioner had one year to file a petition for writ of habeas corpus.  Petitioner first filed for post-conviction relief in state court on September 12, 2005, eight months after the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) expired.  Because Petitioner filed his state-court post-conviction relief motion after the limitations period under § 2244(d)(1)(A) expired, the limitations period was not tolled.  Petitioner objects to the

Magistrate's determination that his Petition was filed outside the limitations period, arguing that his conviction was never final. He claims that the state court lacked the power to sentence him to a term exceeding three years without finding additional elements, making the conviction illegal and invalid, and thus preventing the one-year period to file a habeas petition from ever beginning. The Court rejects this argument. The maximum penalty for the crime to which Petitioner pled guilty is 10 years. Ohio Rev. Code § 2929.14(A)(1). Because Petitioner and the prosecutor agreed to a term of eight years, the court was not obligated to make additional findings to justify the sentence imposed on Petitioner. *See State v. Porterfield,* 106 Ohio St. 3d 5, 829 N.E.2d 690, 694 (2005) ("Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence."). Thus, the Petition is time-barred unless the limitations period runs from a date described in 28 U.S.C. § 2244(d)(1)(B-D).

As set forth by the Magistrate, Petitioner does not allege that a state-created impediment as described in § 2244(d)(1)(B) prevented him from filing the Petition or that a newly recognized constitutional right was made retroactively applicable to cases on collateral review, pursuant to § 2244(d)(1)(C). The Court agrees with the Magistrate's finding that § 2244(d)(1)(D) does not apply because Petitioner does not have a right to appeal his sentence. Under state law, "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Ohio Rev. Code § 2925.08(D)(1).

In support of his objection to the Magistrate's determination that he does not have the right to appeal his sentence, Petitioner argues in his Objections that his plea agreement was not

knowing and voluntary because neither his counsel nor the court advised him of his right "to have all the factual findings necessary to increase his sentence beyond the statutory maximum[] to be alleged in a charging instrument, or to be proven to a jury beyond a reasonable doubt." Petitioner is simply incorrect.  Petitioner's sentence was not beyond the statutory maximum.  As noted above, the statutory maximum for the crime to which Petitioner pled guilty is 10 years and Petitioner agreed to an eight-year sentence.  Further, once Petitioner and the prosecutor agreed to the sentence, the sentence was not required to be justified by the finding of additional elements.  Moreover, Petitioner was informed during his sentencing of the maximum penalty for the crime, the possible period of post-release control, that he had a right to demand that the state prove its case against him, and that he was giving up that right by pleading guilty.  (Ex. 4 to Respondent's Return of Writ.)  The Court rejects Petitioner's argument that he had ineffective assistance of counsel as meritless.  Regardless of the merits of Petitioner's ineffective assistance of counsel claim, the claim is time-barred as Petitioner alleges that his attorney provided ineffective assistance up to and at the time of sentencing, and Petitioner could have discovered the factual basis of his ineffective assistance claim with the exercise of due diligence at the time his conviction was final.  Thus, the Petition is time-barred under 28 U.S.C. § 2244(d)(1).

The Court agrees with the Magistrate's determination that Petitioner is not entitled to equitable tolling under the standard set forth in *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001).  Petitioner argues in his Objections that he lacked notice of the filing requirements for a petition for writ of habeas corpus because the trial court failed to inform him of his right to appeal his sentence.  But as discussed above, Petitioner had no right to appeal his sentence.   The Court also finds that Petitioner has not demonstrated actual innocence.  Petitioner

argues that he has demonstrated his actual innocence because the trial court could not accept a guilty plea to "unindicted elements" that Petitioner alleges were used to increase his sentence beyond the "statutory maximum."  This argument is meritless.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed as untimely. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.  For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.


/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date:   8/4/09